UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER M. BALSLEY,

    Plaintiff,

v.

GOVERNOR JOHN KASICH, et al.,

    Defendants.

Case No. 2:12-cv-844
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. (Doc. No. 2.) For the reasons that follow, the Court **DENIES** Plaintiff's motion.

### I. Background

In his complaint, Plaintiff indicates that this case was "previously filed" in this Court. (Compl. at 4; Doc. No. 4) (citing *Balsey v. State of Ohio, et al.*, 2:12-cv-097). That case was dismissed upon motion of Plaintiff for dismissal without prejudice.

Plaintiff filed this action against Ohio Governor John Kasich, Ohio Attorney General Michael DeWine, the Ohio Peace Officer Training Commission, Robert Fintal, Amy O'Grady, Central Ohio Technical College ("COTC") and six employees of that college. Along with his complaint, Plaintiff also moves for a preliminary injunction. Plaintiff asks this Court to suspend the state certification process for peace officers established by the Ohio Peace Officer Training Commission and any physical fitness components for basic police training.

## II. Standard

The decision whether or not to issue a preliminary injunction falls within sound discretion of the district court. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982). In determining whether to grant a preliminary injunction, this Court must consider four factors: "(1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not granted; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the injunction advances the public interest." *Jones v. Caruso*, 569 F.3d 258, 270 (6th Cir. 2009); *see also Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008).

## III. Analysis

In Plaintiff's one-page Motion for Preliminary Injunction, he sets forth the four-factor test for injunctive relief. In their memorandum in opposition, the COTC defendants argue that Plaintiff has failed to offer any support for the relief he requests. In reply, Plaintiff contends that the state of Ohio has only moved to dismiss this action, as opposed to filing a specific memorandum in opposition to his motion for injunctive relief. Plaintiff also contends that he has alleged discrimination in the complaint, that the complaint alleges several constitutional and federal statutory violations and that this Court has jurisdiction to hear this case. Finally, Plaintiff purports to represent not only himself but also the citizens of Ohio.

The Court finds that the COTC defendants are correct that Plaintiff has failed, in either his complaint or his motion, to offer any support for his request for a preliminary injunction. The Court therefore **DENIES** his request without prejudice to re-filing if he obtains the substantial additional evidence necessary to support a request for injunctive relief.

2

## IV. Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Preliminary Injunction. (Doc. No. 2.)

**IT IS SO ORDERED.**

_4-23-2013_
**DATE**

_____
**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

3