# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CHRISTOPHER M. BALSLEY,

    Plaintiff,

v.

GOVERNOR JOHN KASICH, et al.,

    Defendants.

Case No. 2:12-cv-844
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss of the State Defendants (ECF No. 9) and the Motion to Dismiss of the COTC Defendants (ECF No. 10). For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** both motions.

### I.

On January 31, 2012, Plaintiff, who was proceeding without the assistance of counsel, filed this action in this Court. *Balsey v. State of Ohio, et al.*, 2:12-cv-097. On May 31, 2012, that case was dismissed upon motion of Plaintiff for dismissal without prejudice.

On September 14, 2012, Plaintiff re-filed this action. Plaintiff names as defendants Ohio Governor John Kasich, Ohio Attorney General Michael DeWine, the Ohio Peace Officer Training Commission, Robert Fintal, and Amy O'Grady ("State Defendants"), and Central Ohio Technical College ("COTC") and six employees of that college ("COTC Defendants"). In the complaint, Plaintiff cites to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.*; Ohio Revised Code § 4112.022; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; 42 U.S.C. § 1983; Title VII of the Civil Rights Act

of 1964, 42 U.S.C. § 2000e *et seq.*; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*; and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

## II.

In evaluating a complaint to determine whether it states a claim upon which relief can be granted, a court must construe it in favor of the plaintiff, accept the factual allegations contained in it as true, and determine whether the factual allegations present any plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–5570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in *Twombly*). The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citation omitted).

A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652(1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). A court should make a reasonable attempt to read the pleadings of a *pro se* litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "This standard does not mean, however, that *pro se* plaintiffs are entitled to take every case to trial." *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "Indeed, courts should

2

not assume the role of advocate for the *pro se* litigant." *Id.* (citing *Hall*, 935 F.2d at 1110).

### III.

Plaintiff's complaint in this action consists of twenty six typed, single-spaced pages, with nearly two hundred unnumbered paragraphs and fifteen exhibits. The Court has reviewed the complaint and exhibits carefully and finds that the only colorable claim for relief is one for failure to accommodate Plaintiff's alleged disability. The other allegations do not meet the minimal requirements of stating a plausible claim. *See generally Twombly*, 550 U.S. 544; *Iqbal*, 556 U.S. 662. This is so even when holding Plaintiff's complaint to a less stringent standard than pleadings drafted by lawyers.

### IV.

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Dismiss of the State Defendants (ECF No. 9) and the Motion to Dismiss of the COTC Defendants (ECF No. 10). Specifically, the Court **DENIES** the motions as they relate to a claim of disability discrimination/failure to accommodate and **GRANTS** the motions as to any other alleged claims.

**IT IS SO ORDERED.**

_9-18-2013_
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

3